# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**  Philip J. Montoya v. Isidro Salcido

**Case Number:**  04-01234

### Document Information

**Description:**  Memorandum  re: [18-1] Cross Motion For Summary Judgment by Philip J. Montoya

**Received on:**  2005-11-07 11:16:59.000

**Date Filed:**  2005-11-07 00:00:00.000

**Date Entered On Docket:**  2005-11-09 00:00:00.000

### Filer Information

**Submitted By:**  Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re: GENERAL WASTE CORPORATION, No. 7-02-11881 MA

    Debtor.

_____

PHILIP J. MONTOYA, Chapter 7 Trustee,

    Plaintiff,

v.                                                                        Adversary No. 04-1234 M

ISIDRO SALCIDO,

    Defendant.

## **MEMORANDUM**

THIS MATTER is before the Court on cross motions for summary judgment.[1] The Complaint filed in this adversary proceeding alleges that Isidro Salcido ("Defendant") violated the automatic stay imposed by 11 U.S.C. § 362 by sending a demand default letter to Manny Ohiri, purchaser under a real estate contract for the sale by Defendant of certain real property located at 5047 Edith NW, Albuquerque, New Mexico ("Property"), and that the subsequent recording of a special warranty deed by Defendant reconveying title to the property to Defendant is void or voidable as an action taken in violation of the automatic stay. Defendant admits that he sent the demand letter to Manny Ohiri and

---

[1] Defendant, Isidro Salcido, by and through his counsel of record, The Jaffe Law Firm (Melissa Morris), filed a Motion for Summary Judgment and accompanying memorandum in support of Defendant's motion for summary judgment, attaching supporting documentation and an affidavit on April 28, 2005. On June 23, 2005, Plaintiff, by and through his special counsel, Steven H. Mazer, P.A. filed a Cross-Motion for Summary Judgment, and on June 24, 2005, Plaintiff filed a supporting memorandum, attaching supporting documentation and an affidavit.

1

recorded the special warranty deed, but contends that because the purchaser under the real estate contract is Manny Ohiri, a non-debtor third party, his actions did not violate the automatic stay. The determinative issue is whether under the circumstances presented the protection of the automatic stay afforded by 11 U.S.C. § 362 to the Debtor General Waste Corporation ("GWC" or "Debtor") extends to Manny Ohiri or to the Property. The Court finds that it does not. Having reviewed the motions, the memoranda, and other supporting documentation, the Court finds that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

SUMMARY JUDGMENT STANDARDS

Summary judgment is governed by Rule 56, Fed.R.Civ.P, made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(e), Fed.R.Civ.P. Cross motions for summary judgment raise an inference that summary judgment will be appropriate; however, the Court must nevertheless determine whether plaintiff or defendant independently satisfies the requirements for summary judgment and whether there is a genuine issue of material fact that would preclude summary judgment. *In re Harris,* 209 B.R. 990, 998 (10th Cir. BAP 1997) (citing *Renfro v. City of Emporia,* 948 F.2d 1529, 1534 (10th Cir. 1991) and *SEC v. American Commodity Exch., Inc.,* 546 F.2d 1361, 1365 (10th Cir. 1976)). When there are no genuine issues of material fact and the undisputed facts as applied to applicable law supports a conclusion in one party's favor, summary judgment will be granted in favor of that party.

UNDISPUTED FACTS

1. GWC filed a voluntary petition under Chapter11 of the bankruptcy code on March 18,

2

Case 04-01234-m    Doc 27    Filed 11/07/05    Entered 11/09/05 11:00:00 Page 3 of 17

2002. (Defendant Isidro Salcido's Memorandum Brief in Support of Summary Judgment ("Defendant's Memorandum") ¶ 1; Plaintiff Philip J. Montoya's Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Summary Judgment ("Plaintiff's Memorandum") ¶ 1).

2. Manny Ohiri was listed on the bankruptcy petition as the chairman and CEO of GWC. (Plaintiff's Memorandum ¶ 3; Voluntary Petition filed in Case No. 7-02-11881 MA, Docket # 1).

3. The street address for GWC listed on the petition is 5047 Edith NE, Albuquerque, NM 87107, with a mailing address of PO Box 90186, Albuquerque, NM 87199. (Voluntary Petition filed in Case No. 7-02-11771 MA, Docket #1).

4. Defendant was not listed in the Debtor's statements or schedules, and no notice of the filing of the Chapter 11 petition was sent to Defendant. (Plaintiff's Memorandum ¶ 2; Affidavit of Isidro Salcido in Support of Motion for Summary Judgment ("Salcido Affidavit", attached as Exhibit A to Defendant's Memorandum).

5. Debtor's Schedule A listed no interest in real property. (*See,* Docket # 15, Case No. 7-02-11881 MA).

6. Debtor's Schedule G identified a "lease for land and building located at 5047 Edith NE, Albuquerque, NM 87107." (Docket #15, Case No. 7-02-11881 MA).

7. The Property is nonresidential real property.

8. On October 10, 2002, Defendant, as seller, and Manny N. Ohiri, as purchaser, entered into a Real Estate Contract for the sale and purchase of the Property. (Plaintiff's Memorandum, Exhibit 1; Defendant).

3

9. Debtor was not a party to the Real Estate Contract, nor did Defendant at any time enter into any agreement with Debtor, oral or written, for the lease or sale of the Property. (Plaintiff's Memorandum ¶ 5; Defendant's Memorandum ¶ 5).

10. On October 16, 2003, the case converted from Chapter 11 to Chapter 7. (Docket # 84; Case No. 7-02-11881 MA).

11. Philip J. Montoya was appointed as the Chapter 7 Trustee. (*See* Docket # 91; Case No. 7-02-11881 MA).

12. After conversion of the Debtor's estate from Chapter 11 to Chapter 7, the Chapter 7 Trustee determined that the Debtor should not continue operating its business. (*See* Plaintiff's Memorandum, Exhibit A, the Affidavit of Manny Ohiri in Support of Motion for Summary Judgment ("Ohiri Affidavit"), Exhibit 3, ¶ 1, Ex Parte Motion by Plaintiff Philip J. Montoya for Emergency Injunctive Relief, filed in Adversary Proceeding No. 03-1372 M on November 21, 2003 ("Since conversion of this proceeding to chapter seven, Plaintiff [Philip Montoya, Chapter 7 Trustee] has advised those persons appearing in control of Debtor that all business activity must cease, and that all assets of the estate must be turned over to the Trustee.").

13. The Chapter 7 Trustee has not sought to assume the lease identified in Debtor's Schedule G, nor has the Chapter 7 Trustee filed a motion to extend the time to accept or reject unexpired leases.[2]

---

[2]This fact is not included by either party in the recitation of undisputed facts, but is established by the record of the Debtor's bankruptcy proceeding, Case No. 7-02-11881 MA. *See* Fed.R.Evid. 201 (allowing court to take judicial notice, whether requested or not, of facts that are "not subject to reasonable dispute in that [they are] . . . capable of ready determination by resort to sources whose

4

14. On December 2, 2003, Defendant sent a default demand letter to Manny Ohiri pursuant to the terms of the Real Estate Contract. (Plaintiff's Memorandum, ¶ 8; Defendant's Memorandum, ¶ 8).

15. On January 27, 2004, Defendant recorded a Special Warranty Deed for the Property which purports to convey the Property from Manny Ohiri back to Defendant. (Plaintiff's Memorandum, ¶ 9; Defendant's Memorandum, ¶ 9).

16. At the time Defendant sent the default demand letter and recorded the Special Warranty Deed, he had not been notified of the Debtor's claim of interest in the Property. (*See,* Plaintiff's Memorandum, Exhibit 9 - letter to counsel for Defendant dated May 12, 2004; Defendant's Memorandum, ¶ 10).

17. The Chapter 7 Trustee initiated this adversary proceeding against Defendant on November 30, 2004.

18. Litigation between Defendant and Manny Ohiri regarding the declared default under the Real Estate Contract is now pending before the Second Judicial District Court as Case No. D-202-CV-02004-02278. (*See* Defendant Isidro Salcido's Answer to Complaint to Set Aside Default and for Damages, p. 3, ¶ 4; Ohiri Affidavit, Exhibit 7, ¶ 5 ("Ohiri is presently litigating the purported termination of the contract by the seller . . .").

## DISCUSSION

The automatic stay imposed by 11 U.S.C. §362 operates to stay proceedings against the

---

accuracy cannot reasonably be questioned."); Rule 9017 Fed.R.Bankr.P. ("The Federal Rules of Evidence . . . apply in cases under the Code."); *In re Reed,* 293 B.R. 65, 69 (Bankr.D.Kan. 2003) (court takes judicial notice of the contents of the debtor's petition, schedules, etc. in considering motion for summary judgment in a § 727 action).

debtor which had been or could have been commenced against the debtor prior to the filing of the bankruptcy, and bars any act to obtain possession of property of the estate. 11 U.S.C. § 362(a)(1) and (3). The scope of the automatic stay is very broad, but it is not unlimited. 3 Collier on Bankruptcy, ¶ 362.01 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2005); *In re Torrez,* 132 B.R. 924, 938 (Bankr.E.D.Cal. 1991) ("The protections of the automatic stay only enure to the benefit of the debtor, property of the debtor, or property of the estate.") (citations omitted). Absent unusual circumstances, such as when there is such an identity between the debtor and a non-debtor third party that judgment against the non-debtor will effectively constitute judgment against the debtor, the automatic stay does not serve to prevent actions against non-debtors. *Fleet Business Credit, L.L.C. v. Wings Restaurants, Inc.,* 291 B.R. 550, 553 (N.D.Okla. 2003) (citations omitted). In other words, the automatic stay does not apply to a non-debtor co-defendant who is independently liable from the debtor. *In re Metal Ctr., Inc.,* 31 B.R. 458, 462 (Bankr.D.Conn. 1983). Plaintiff does not assert that the stay should extend to Manny Ohiri based on an alleged identity between Manny Ohiri and General Waste Corporation. Therefore, the Court can conclude as a preliminary matter that because Manny Ohiri is not the Debtor and is independently liable to Defendant under the terms of the Real Estate Contract, the actions taken by Defendant against Manny Ohiri do not constitute actions taken against the Debtor prohibited by 11 U.S.C. § 362(a)(1).[3] *Cf. Oklahoma Federated Gold and*

---

[3]The Court also notes that 11 U.S.C. § 362(a)(1) which bars the "commencement of continuation . . . of [an] action or proceeding against the debtor which was or could have been commenced before the commencement of the case under this title," is otherwise inapplicable because the Real Estate Contract was entered into post-petition and any alleged default thereunder would not have existed prior to the filing of the Debtor's bankruptcy proceeding.

6

*Numismatics, Inc. v. Blodgett,* 24 F.3d 136,142 (10th Cir. 1994) (automatic stay did not apply to president of corporate debtor who was subject to claims that were separate and independent of claims against the debtor).

However, the actions taken by Defendant against Manny Ohiri necessarily affected the Property, since Defendant's actions purported to terminate the Real Estate Contract and return title to the Property to Defendant. Therefore, the pertinent question is whether the Debtor General Waste Corporation held any interest in the Property that would subject the Property to the protections of the automatic stay afforded by 11 U.S.C. § 362(a)(3).

Property of the estate is defined by 11 U.S.C. § 541 and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." It also includes property acquired by the debtor after commencement of the case. 11 U.S.C. § 362(7). Plaintiff contends that the Debtor has an interest in the Property, either by virtue of a lease between Manny Ohiri and the Debtor, or by virtue of having allegedly made payments under the Real Estate Contract on behalf of Manny Ohiri. Above all, it appears that the primary focus of the Plaintiff's argument is that the Debtor enjoyed a possessory interest in the Property which was protected by the automatic stay.

A debtor's possessory interest in real property constitutes property of the estate subject to the automatic stay. *In re Convenient Food Mart No. 144, Inc.,* 968 F.2d 592, 594 (6th Cir. 1992) (per curiam) (noting that "the Second and Third Circuits have held that possessory interests in real property fall within the ambit of the protections provided by the automatic stay" and joining those circuits in holding that "a tenancy at sufferance is a possessory interest in real property within the scope of the estate in bankruptcy under section 541.") (citing *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427,

7

430 (2nd Cir. 1987) and *In re Atlantic Business and Community Corp.,* 901 F.2d 325, 328 (3d Cir. 1990)); *In re Walker,* 171 B.R. 197, 208-209 (Bankr.E.D.Pa. 1994) ("the Debtor's possessory interest in the Property is property of the estate under 11 U.S.C. § 541 which cannot be terminated without relief from the automatic stay.").

In *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427 (2nd Cir. 1987), a case relied upon by Plaintiff, the Second Circuit held that a landlord's notice of termination of the prime lease to a non-debtor entity violated the automatic stay under 11 U.S.C. § 362(a)(3) because it affected the debtor's rights to possession of the property under its sublease, finding that the debtor's interest in the sublease and its consequent right to possession of the property constituted property of the debtor's bankruptcy estate. Plaintiff contends that this case is similar to *48th Street Steakhouse* in that by purporting to terminate the Real Estate Contract, Defendant has interfered with the Debtor's possessory right to the Property by virtue of a lease between Manny Ohiri and the Debtor. A close inspection of the lease, its terms, and the record of the Debtor's bankruptcy proceeding results in the conclusion that, as of the date of the default demand letter and the subsequent recording of the Special Warranty Deed, the Debtor did not have an interest in the Property subject to the automatic stay.

Pursuant to 11 U.S.C. § 541(b), property of the estate does not include

> any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of non residential real property that has terminated at the expiration of the stated term of such lease during the case.

11U.S.C. § 541(b)(2).

Consequently, if the alleged lease between Manny Ohiri and the Debtor terminated at the expiration of

it stated term, either pre-petition, or post-petition, the interest of General Waste Corporation in the Property premised upon such lease ceased to be property of the estate as of the termination date and would no longer be subject to the automatic stay. *See* 11 U.S.C. § 362(c)(1) ("[T]he stay of an act against property of the estate . . . continues until such property is no longer property of the estate.").

Attached to the Ohiri Affidavit as Exhibit 2, is a copy of the Supplemental Commercial Lease ("Lease") between Manny N. Ohiri, as Lessor, and General Waste Corporation, as Lessee. The lease has a stated term of five years, commencing November 1, 1995, and terminating November 30, 2000. Thus, unless the lease were renewed, it terminated pre-petition by its own terms, and pursuant to 11 U.S.C. § 541(b)(2) never became property of the Debtor's bankruptcy estate. The automatic stay, therefore, does not apply. *Cf. In re Salzer,* 52 F.3d 708, 713 (7th Cir. 1995) (upon termination of lease, leasehold premises is not subject to the automatic stay); *Erickson v. Polk (In re Erickson)* (per curiam), 921 F.2d 200, 201 (8th Cir. 1990) (affirming decision that lessor's action to take possession of non-residential real estate did not violate the stay due to application of 11 U.S.C. § 362(b)(10) and 11 U.S.C. § 541(b)(2)); *In re Tiny's Café, Inc.,* 322 B.R. 224, 116 (Bankr.D.Mass. 2005) ("Under Sections 362 and 541 of the Bankruptcy Code, a lease that has been terminated prior to the filing of bankruptcy is not property of the estate, and is thus not protected by the automatic stay.").

The exception to the automatic stay contained in 11 U.S.C. § 362(a)(10) explicitly applies to acts by a lessor against a debtor under lease of non-residential real property, and the cases cited consider whether the acts of the lessor violated the automatic stay. *See, e.g., Salzer,* 52 F.3d 708, *supra.* Nevertheless, the principle established by those cases that the automatic stay does not protect a debtor-lesseee's possessory interest in the property when the lease has terminated has application in

9

the context of the facts present here, where the Debtor's interest in the Property is a leasehold interest that is no longer property of the Debtor's bankruptcy estate. *See* 11 U.S.C. § 362(c)(1) and 11 U.S.C. § 541(b)(2).

The Ohiri Affidavit states that the Lease was renewed. *See* Ohiri Affidavit, ¶ 4. But a review of the renewal provisions of the Lease belie this assertion. The Lease, attached as Exhibit 2 to the Ohiri Affidavit, contains an Option to Renew Provision. That provision, which has blank spaces for the number of months, the amount of the monthly rent, and the time for giving notice of the tenant's intent to renew the lease has not been completed. Nor is there any evidence that written notice of renewal was provided as required by the Lease. Under the terms of the Lease, "[i]f notice is not given in the manner provided herein within the time specified this option [to renew] shall expire." Supplemental Commercial Lease, ¶ 22. Thus by its own terms, the option to renew the Lease has expired and the Lease has terminated. *Cf. Burke v. Permian Ford-Lincoln-Mercury,* 95 N.M. 314, 316, 621 P.2d 1119, 1121 (1981) (finding that commercial lease lacked clear and unequivocal language that would give rise to a perpetual right of renewal). The Ohiri Affidavit simply stating that the Lease was renewed is insufficient proof of renewal; it fails to identify the terms of the renewal and fails to state the term of any renewed leasehold interest. *In re Harris,* 209 B.R. 990, 997 (10th Cir. BAP 1997) ("[A]n affidavit containing conclusionary allegations without specific supporting facts lacks probative value.") (citing *Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 485 (10th Cir. 1995)).[4] Because there is insufficient

---

[4]*See also,* Rule 56(e), Fed.R.Civ.P. ("Supporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *Harris,* 209 B.R. at 997 (10th Cir. BAP 1997) (noting that based on Rule 56(e) "hearsay and conclusory statements lacking foundation

10

evidence that the Lease was renewed, and based on the language of the Lease itself, the Court finds that the lease terminated by its own terms prior to the filing of the Debtor's bankruptcy. Consequently, any alleged leasehold interest of the Debtor never became property of the Debtor's bankruptcy estate subject to the automatic stay.

Even if the Court were to assume *arguendo* that the Lease had not terminated pre-petition, upon the Debtor's conversion from Chapter 11 to Chapter 7, any leasehold interest of the Debtor was subject to the trustee's right to assume or reject.

Pursuant to 11 U.S.C. § 365(d)(4),

> if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court , for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4).

In *In re Williams,* 171 B.R. 420 (Bankr.S.D.Ga. 1994), the bankruptcy court considered whether the automatic stay continues to apply upon a deemed rejection of a lease by operation of 11 U.S.C. § 365(d)(4). In concluding that "section 365(d)(4) does not operate as an exception to the automatic stay provisions of section 362(a)," the court nevertheless acknowledged that "[i]t is clear that section 365(d)4) establishes the rejection of the lease as a matter of law" such that "[t]he lease itself is no longer property of the bankruptcy estate." *Williams,* 171 B.R. at 423. Here, assuming the lease had not terminated by its own terms either pre-petition, or post-petition but pre-conversion, it was deemed

---

that would not be admissible at trial may not properly be included in a supporting affidavit." ) (citing *Starr v. Pearle Vision, Inc.* 54 F.3d 1548, 1555 (10th Cir. 1995)).

rejected by operation of 11 U.S.C. § 365(d)(4) on December 15, 2004, sixty days after the date of the conversion of the bankruptcy proceeding from Chapter 11 to Chapter 7. The Chapter 7 Trustee never filed a motion to assume or reject the lease, nor did the Chapter 7 Trustee file a motion to extend the time within which to assume or reject the lease.

Defendant sent the demand letter to Manny Ohiri on December 3, 2004 and recorded the special warranty deed on January 27, 2004. Although the date Defendant sent the demand letter occurred prior to the date the Lease would have been deemed rejected, the recording of the special warranty deed occurred after the deemed rejection date. Both actions took place well beyond the date the Lease terminated by its own terms.

Given the other circumstances present in this case, the Court finds that the actions of Defendant did not violate the stay. First, Debtor failed to list any interest in the Property on Schedule A. *Cf. Torrez,* 132 B.R. at 939-941 (finding that lender's foreclosure of the property the debtors conveyed pre-petition to their children did not violate automatic stay despite debtors' possessory interest in the property; debtors did not schedule leasehold interest in the property or their residence which was located on the property on their amended statements and schedules). Second, upon conversion, the Chapter 7 Trustee determined that the Debtor should cease all business operations. (*See* Exhibits 3 and 4 to Ohiri Affidavit). Thus as of the date Defendant took action against a non-debtor third-party that affected the Property, there remained no purpose for the Debtor to remain on the Property. *Cf. Walker,* 171 B.R. at 208 (noting that the protections of the automatic stay should be extended to stay actions against non-debtor property "only when such an action would 'directly interfere with Debtor's reorganization efforts.'")(quoting *In re Pestritto,* 108 B.R. 850, 851-852 (Bankr.S.D.Ga. 1989)).

12

Alternatively, the Court notes that the purported termination of the Real Estate Contract merely transferred the *title* to the Property to Defendant. Possession of the Property is a separate issue. Thus even if the automatic stay were to apply to the Debtor's alleged possessory interest in the Property, an action to terminate the Real Estate Contract against a non-debtor third party would not violate the automatic stay. *See Walker,* 171 B.R. at 208-209 (concluding that bank's foreclosure action against property in which debtor had no record interest, but only a bare possessory interest did not violate the automatic stay because at the point of foreclosure, the debtor's possessory interest was not threatened); *Juneau Builders Center, Inc. v. First National Bank of Gonzales (In re Juneau's Builders Center, Inc.),* 57 B.R. 254, 256 and n.2 (Bankr.M.D.La. 1986) (concluding that action against non-debtor party to foreclose property in which the debtor conducted its business was not an act against the debtor, property of the debtor, or property of the estate and did not violate the automatic stay, but noting that "whether a subsequent eviction of the debtor without relief from the stay would have constituted a violation of the stay is not now before the Court."). Mr. Ohiri is presently litigating before the state court the issue of whether termination of the Real Estate Contract was proper. Should he lose, Defendant may need to seek eviction of the Debtor from the Property through further proceedings.

Plaintiff's final argument[5] is that the Debtor has asserted an equitable interest in the Property by

---

[5]Plaintiff's Memorandum also asserts that there is an alternative source of authority for his claims pursuant to 11 U.S.C. § 549, which provides, in relevant part, that "the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case . . . that is not authorized under this title or by the court." 11 U.S.C. § 549(a)(1)(B). Plaintiff did not include a claim under 11 U.S.C. § 549 in his complaint; the Court, therefore, will not address this argument. *See In re Worldclass Processing, Inc.,* 323 B.R. 164, 171 n. 18 (Bankr.W.D.Pa. 2005) ("[a] motion for

13

virtue of having made payments to Defendant under the Real Estate Contract. Attached as Exhibit 10 to Plaintiff's Memorandum are copies of checks representing payments to Isidro Salcido under the Real Estate Contract. Of these checks, only one is written on a General Waste Corporation check. The remaining checks are cashier's checks reflecting Emmanuel N. Ohiri, Manny Ohiri, or Manny Ohiri and GWC as the remitter. Even an alleged interest in real property may be sufficient to evoke protections of the automatic stay. *See In re Chestnut,* 422 F.3d 298, 300 (5th Cir. 2005) (reversing the district court and holding that foreclosure of an asset to which the debtor only has an "arguable claim of right" as a community property interest in real property allegedly purchased with community funds but titled as the non-debtor's sole and separate property violated the automatic stay). Nevertheless, even if this evidence were sufficient to establish a property interest, Defendant's actions did not interfere with this alleged interest, and therefore, did not violate the automatic stay.

A claim of the Debtor based on an alleged payment under the Real Estate Contract made on behalf of Manny Ohiri would be a claim against Manny Ohiri's interest under the Real Estate Contract. Under New Mexico law, a purchaser's interest under a Real Estate Contract is an equitable interest; until the purchase price is paid in full, the purchaser under a real estate contract does not hold legal title to the property. *Bank of Santa Fe v. Garcia,* 102 N.M. 588, 590, 698 P.2d 458, 460 (N.M.App. 1985) ("Under a real estate contract, the purchaser holds equitable title, while the seller retains legal title in trust until the contract is paid.").

There is no evidence that Manny Ohiri assigned his interest in the Real Estate Contract to the

---

summary judgment is not a proper vehicle for raising a cause of action in the first instance.").

14

Debtor. Thus, the Debtor does not hold an equitable interest in the Property by virtue of being the purchaser under the Real Estate Contract. In addition, the Chapter 7 Trustee has settled his claim against the Property with Mr. Ohiri whereby Mr. Ohiri has agreed to pay the Chapter 7 Trustee $15,000.00 upon the recovery of the Property (either in the litigation over the termination of the Real Estate Contract, by settlement of such litigation, or by any other means) in full consideration for any interest of the Debtor's bankruptcy estate in the Property. *See* Order Approving Trustee's Compromise Controversy with Manny Ohiri Regarding Ownership of Real Property (Docket # 124); Plaintiff's Exhibit 8 to Ohiri Affidavit. Moreover, a purchaser under a real estate contract "cannot create any greater interest in his lessee than he himself possesses, and the lessee takes subject to all claims of title enforceable against the lessor." *Campos v. Warner,* 90 N.M. 63, 64, 559 P.2d 1190, 1191 (1977).

     In this case, if, as the Debtor asserts, there is a lease between Mr. Ohiri and the Debtor, the Debtor's interest in the Property is subject to any rights Defendant, as the seller under the Real Estate Contract, may have against Mr. Ohiri, as purchaser under the Real Estate Contract. *Id.* Defendant exercised his rights against Mr. Ohiri, and such action is presently the subject of ongoing litigation between Mr. Ohiri and Defendant in state court. Assuming Debtor's interest in the Property is based upon payments made under the Real Estate Contract on behalf of Mr. Ohiri, Defendant's actions against Mr. Ohiri to terminate the Real Estate Contract between Defendant and Mr. Ohiri did not interfere with the Debtor's alleged property interest. A claim based on such payments would be a claim against Mr. Ohiri, which the Debtor could pursue regardless of whether Defendant successfully terminated Mr. Ohiri's rights in the Real Estate Contract. *Cf. First Nat'l Bank in Alamogordo v.*

15

*Cape,* 100 N.M. 525, 528, 673 P.2d 502, 505 (1983) (vendor allowed to terminate defaulted real estate contract between vendor and unmarried man as purchaser who subsequently married, with equitable resulting trust imposed in favor of estate of purchaser's wife who contributed separate sums towards the payment of the contract). And, as previously noted, the Chapter 7 Trustee has agreed to accept $15,000.00 from Mr. Ohiri in full consideration of any interest the Debtor's estate has in the Property.

Based on the foregoing, the Court concludes that Defendant's actions did not constitute an act against the Debtor, property of the Debtor, or property of the estate and, therefore, did not violate the automatic stay. Consequently, Defendant is entitled to summary judgment as a matter of law.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Steven H. Mazer
Attorney for Plaintiff
122 10th Street NW
Albuquerque, NM 87102

Melissa Morris
Attorney for Defendant
PO Box 809
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk (505) 348-2545

16