Any data shown here are current as of  06/10/06     . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Philip J. Montoya v. Isidro Salcido |
| Case Number: | 04-01234 |

### Document Information

| | |
|---|---|
| Description: | Order Denying [28-1] Motion To Reconsider Order [26-1] by Philip J. Montoya . |
| Received on: | 2005-12-01 10:07:20.000 |
| Date Filed: | 2005-12-01 00:00:00.000 |
| Date Entered On Docket: | 2005-12-01 00:00:00.000 |

### Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: GENERAL WASTE CORPORATION,            No. 7-02-11881 MA

      Debtor.
_____

PHILIP J. MONTOYA, Chapter 7 Trustee,

      Plaintiff,

v.                                      Adversary No. 04-1234 M

ISIDRO SALCIDO,

      Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on the Motion for Reconsideration filed on November 17, 2005 by Plaintiff, Philip J. Montoya, Chapter 7 Trustee, by and through his attorney of record, Steve H. Mazer. The Motion for Reconsideration requests the Court to reconsider its Memorandum and Order entered in this adversary proceeding granting summary judgment in favor of Defendant.

The Court entered its Order on October 7, 2005, and entered its Memorandum on November 7, 2005. Motions for reconsideration filed within ten days of the entry of a judgment or order are governed by Rule 59(e), Fed.R.Civ.P., as incorporated into the bankruptcy rules by Rule 9023, Fed.R.Bankr.P. *See Buchanan v. Sherrill,* 51 F.3d 227, 230 n.2 (10th Cir. 1995) (per curiam) ("No matter how styled, we construe a post-judgment motion served within ten days of the entry of judgment and challenging the correctness of the judgment as a motion under Rule 59(e).") (citing *Campbell v. Bartlett,* 975 F.2d 1569, 1580 n. 15 (10th Cir. 1992)). Motions for reconsideration may be granted to "'correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Hodes,* 239

B.R. 239, 242 (Bankr.D.Kan. 1999), *aff'd in part, rev'd in part on other grounds,* 289 B.R. 5 (D.Kan. 2003) (quoting *In re American Freight System, Inc.,* 168 B.R. 245, 246 (D.Kan. 1994)).

Plaintiff's argument in support of his Motion for Reconsideration can be distilled to the following[1]: 1) that the Court based its decision on legal theories that were neither pled nor argued by the parties, and upon factual conclusions that were not supported in the paperwork before the Court; 2) that the Defendant conceded the existence of the leasehold interest and its validity in its pleadings; and 3) that a successor lease executed in December 2001 had not expired as of the time Defendant sent his default letter. None of these arguments are appropriate grounds upon which to grant a motion for reconsideration.

"Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *In re Sunflower Racing, Inc.,* 223 B.R. 222, 223 (D.Kan. 1998) (citations omitted). The Court's decision determined the issue before the Court on cross motions for summary judgment: namely, whether Defendant's actions violated the automatic stay. Plaintiff's argument that Defendant violated the stay was based on his assertion that Debtor held a possessory interest in the subject property based on a lease between Manny Ohiri and General Waste Corporation ("GWC"). *See* Plaintiff Philip J. Montoya's Memorandum in Opposition to Defendant's

---

[1] Plaintiff also asserts that the Court overlooked the fact, which Plaintiff argued, that the conversion to Chapter 7 to Chapter 11 occurred on October 16, 2003 and that Defendant did not wait for the expiration of the Chapter 7 Trustee's assumption-rejection period before sending the demand letter. On Page 12 of the Memorandum, the Court acknowledges that "the date Defendant sent the default demand letter occurred prior to the date the Lease would have been deemed rejected . . . "

2

Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Summary Judgment ("Plaintiff's Memorandum"), p. 5; Affidavit of Manny Ohiri in Support of Motion for Summary Judgment, attached to Plaintiff's Memorandum as Exhibit A, ¶¶ 3. and 4.  That the extension of the argument raised by Defendant that his actions did not violate the automatic stay implicated matters of law not specifically raised by Defendant does not transform the Court's decision into one made outside the issues presented for determination.  *See Olsen v. Russell (In re Kleckner),* 81 B.R. 464, 466 (Bankr. N.D.Ill. 1988) ("Were the Court solely restricted to the arguments of counsel and the research provided, there would be many uninformed and just plain incorrect decisions rendered.  Rather, the Court must be free to research the law and apply logical extensions of arguments made by counsel.").

Defendant did not concede the existence or validity of the alleged leasehold between Manny Ohiri and GWC in its motion for summary judgment, but recited in its statement of undisputed facts that "The estate listed its interest in the subject property as a lease, but did not indicate the identity of the lessor or of the owner of the property."  Defendant Isidro Salcido's Memorandum  Brief in Support of Motion for Summary Judgment ("Defendant's Memorandum"), ¶ 4.  At page 5 of Defendant's Memorandum, Defendant argues that "No evidence presented by either party herein . . . provide any evidence in support of plaintiff's assertion that the debtor in the Chapter 7 proceeding at any time owned either a leasehold interest, a legal interest, or an equitable interest in the Edith property."  These statements belie Plaintiff's contention in the Motion for Reconsideration that Defendant conceded the existence or validity of any leasehold interest of GWC in the premises for purposes of summary judgment.

The successor lease, attached as an exhibit to the Motion for Reconsideration, could have been

3

attached to the Plaintiff's Memorandum, but was not. Motions for reconsideration should not be used to present evidence that should have been presented in the first instance. *Sunflower Racing,* 223 B.R. at 223 ("A party cannot invoke Rule 59(e) to . . . present evidence that should have been raised in the first instance . . .") (citation omitted). The successor lease is, therefore, not the type of newly discovered evidence that serves as appropriate grounds for reconsideration.

"[E]vidence is not 'newly discovered' for purposes of Rule 59 if it 'could have been discovered with reasonable diligence' at the time of trial." *In re Arden Properties, Inc.,* 248 B.R. 164, 170 (Bankr.D.Ariz. 2000) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir.1987)). *See also, Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992) ("'When supplementing a Rule 59(e)motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.'") (quoting *Chery v. Bowman,* 901 F.2d 1053-1057-58 n.6 (11th Cir. 1990) (remaining citation omitted)). Plaintiff's Motion for Reconsideration appears to take inconsistent positions regarding control and access to the premises where the successor lease Plaintiff now seeks to introduce into evidence was located. Plaintiff's Motion for Reconsideration states at paragraph 6. that the successor lease was unavailable to the Plaintiff because it was among the records stored on the premises controlled by the Defendant, but states in paragraph 9. that Plaintiff assumed possession and control of the premises after the conversion to Chapter 7. Thus, the Court is not persuaded that Plaintiff has demonstrated that the newly discovered evidence Plaintiff seeks to introduce could not have been discovered after a diligent search.

4

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Reconsideration is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

Steve H. Mazer
Attorney for Plaintiff
122 10th Street NW
Albuquerque, NM 87102

Melissa Morris
Attorney for Defendant
PO Box 809
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545